# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| VICKIE KIM | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-00154-S |
| | § | |
| HCA HEALTHCARE, INC.; GREEN | § | |
| OAKS HOSPITAL SUBSIDIARY, L.P. | § | |
| D/B/A MEDICAL CITY GREEN OAKS | § | |
| HOSPITAL; AND JOEL HOLINDER | § | |
| M.D. P.A. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses: (1) Joel Holiner, M.D., P.A.'s Motion to Dismiss and Brief in Support of Motion to Dismiss ("Holiner Motion to Dismiss") [ECF No. 13]; (2) HCA Healthcare Inc.'s Motion to Dismiss Plaintiff's Complaint ("HCA Motion to Dismiss") [ECF No. 16]; and (3) Defendant Medical City Green Oaks Hospital's Motion to Dismiss Plaintiff's Original Complaint and Brief in Support ("Hospital Motion to Dismiss" ) [ECF No. 20] (altogether, "Motions to Dismiss").

Plaintiff asserts multiple Texas state law claims, including negligence, gross negligence, false imprisonment, civil conspiracy, violations of the Texas Health and Safety Code, and violations of the Texas Deceptive Trade Practices Act. *See* Compl. Counts II-IX. Plaintiff also asserts one federal cause of action—a Rehabilitation Act claim. *See* Compl. Count I. The Fifth Circuit has not addressed the application of the Rehabilitation Act to medical treatment. However, every circuit court that has taken up the issue has determined that a medical treatment decision cannot form the basis for a Rehabilitation Act claim. This Court, therefore, declines to expand the scope of the Rehabilitation Act beyond what has been recognized by the Fifth Circuit and all other circuit courts. As Plaintiff has not stated a federal claim upon which relief can be granted, as set

forth below, the Court **GRANTS** the Motions to Dismiss as to Plaintiff's Rehabilitation Act claim, **GRANTS** Plaintiff leave to replead her Rehabilitation Act claim, and **ABATES** Plaintiff's state-law claims.

## I.   BACKGROUND

Plaintiff Vickie Kim ("Plaintiff") sought mental health treatment from Defendant Joel A. Holiner, M.D., P.A. ("Holiner") in 2011 for anxiety, obsessive-compulsive disorder, and postpartum depression. *See id.* ¶¶ 18-19. Holiner is employed by Defendant Green Oaks Hospital Subsidiary, L.P. d/b/a Medical City Green Oaks Hospital ("Hospital"), a mental health facility owned and operated by HCA Healthcare, Inc. ("HCA") (together with Holiner and Hospital, "Defendants"). *See id.* ¶¶ 10-13.

According to the Complaint, Plaintiff arrived at the Hospital and requested therapy at approximately 10:00 p.m. on January 24, 2018. *See id.* ¶¶ 22-23. The Hospital's staff took Plaintiff's statement, conducted a urine test, strip-searched Plaintiff, confiscated her shoes, and requested her billing information. *See id.* ¶¶ 24-25. Hospital staff then informed Plaintiff that she was being admitted into inpatient care. *See id.* ¶ 40. Plaintiff alleges that she told staff that she could not stay at the Hospital and did not want inpatient treatment. *See id.* ¶¶ 26-29. Hospital staff allegedly falsified Plaintiff's medical records to indicate Plaintiff was suicidal and "intimidated and forced [Plaintiff] into a voluntary commitment." *Id.* ¶¶ 41, 44. On January 30, 2018, after seeing Holiner, Plaintiff was released. *See id.* ¶ 47. Plaintiff does not provide any additional details regarding her alleged confinement at the Hospital, her visit with Holiner, or the circumstances surrounding her release.

## II.   LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The ultimate question is whether the Complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.    ANALYSIS

#### A.    *Rehabilitation Act*

To qualify for relief under the Rehabilitation Act, a plaintiff must demonstrate that: (1) she is an "individual with a disability under the Rehabilitation Act"; (2) who is "otherwise qualified" for participation in a program; (3) who is being "excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of [ ] her disability"; and (4) the program receives federal financial assistance. *See Spann ex rel. Hopkins v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 764 (S.D. Miss. 2008); *see also Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997); *Chandler v. City of Dallas*, 2 F.3d 1385, 1389-90 (5th Cir. 1993). Plaintiff has the burden of proof. *See Chandler*, 2 F.3d at 1390.

Plaintiff does not cite, and the Court's independent research has not revealed, any Fifth Circuit precedent applying the Rehabilitation Act to medical treatment decisions. Fifth Circuit

3

precedent addressing the Rehabilitation Act consists primarily of cases regarding discrimination in the employment, transportation, and education contexts. *See, e.g.*, *Pace v. Bogalusa Cnty. Sch. Bd.*, 403 F.3d 272, 275 (5th Cir. 2005) (education); *Taylor v. City of Shreveport*, 798 F.3d 276, 286 (5th Cir. 2015) (sick leave); *Frame v. City of Arlington*, 657 F.3d 215, 225 (5th Cir. 2011) (sidewalk accessibility); *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 675-76 (5th Cir. 2004) (public transportation); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (employment).

However, every circuit court that has addressed the issue has held that a medical treatment decision cannot form the basis of a Rehabilitation Act claim. *See Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (per curiam) ("[A] lawsuit under the [Rehabilitation Act] or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions[.]"); *Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("These are the sort of purely medical decisions . . . [that] do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving the termination of life support or medical treatment."); *Lesley v. Hee Man Chie*, 250 F.3d 47, 58 (1st Cir. 2001) (a reasoned medical judgment with which a plaintiff disagrees is not an appropriate basis for a claim under the Rehabilitation Act); *United States v. Univ. Hosp., State Univ. of New York at Stony Brook*, 729 F.2d 144, 157 (2d Cir. 1984) (Rehabilitation Act legislative history indicates that Congress did not contemplate that the Act would apply to medical treatment decisions).

Plaintiff alleges that Defendants violated the Rehabilitation Act by admitting her to inpatient treatment instead of providing outpatient treatment. *See* Compl. ¶ 52. However, Plaintiff also concedes that she has a history of mental illness, *id.* ¶ 18-19; she requested therapy, *id.* ¶ 23;

4

Hospital staff took her statement, *id.* ¶ 25; and staff perceived her to be suicidal, *id.* ¶ 41. Based on Plaintiff's alleged facts, it appears that Hospital staff made a medical judgment with which Plaintiff disagrees. This is not a basis for a Rehabilitation Act claim. *See Lesley*, 250 F.3d at 58. At bottom, this appears to be a contested medical negligence case, regardless of how creatively or zealously argued otherwise (perhaps in an effort to avoid Texas state law damage caps).[1] Accordingly, taking Plaintiff's alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not stated a Rehabilitation Act claim.

### B.  *State Law Claims*

A district court may decline to exercise supplemental jurisdiction over pendent state claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C.A. § 1367(c)(3). Indeed, when a court dismisses all federal claims before trial, "the general rule is to dismiss any pendent claims." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *see also Gordon v. Univ. of Tex. Med. Branch*, 700 F. App'x. 350, 352 (5th Cir. 2017) (Mem.).

The Court dismisses Plaintiff's only federal claim, and it is the Court's intent to follow the general rule relative to pendent state claims. However, Plaintiff has requested leave to "replead and provide more specific details" in support of her claims. Resp. 23. Although the Court questions whether repleading to state a Rehabilitation Act claim under the law would be futile, the Court nevertheless grants Plaintiff leave to amend her federal claim and abates Plaintiff's state law claims in the meantime.[2]

---

[1] "For example, there are no damage caps under [the Rehabilitation Act]." Resp. 8.

[2] Alternatively, Plaintiff may wish to refile her state law claims in state court to avoid any potential limitations issues.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Joel Holiner, M.D., P.A.'s Motion to Dismiss [ECF No. 13], **GRANTS IN PART** and **DENIES IN PART** HCA Healthcare Inc.'s Motion to Dismiss [ECF Nos. 16 & 17], and **GRANTS IN PART** and **DENIES IN PART** Defendant Medical City Green Oaks Hospital's Motion to Dismiss [ECF No. 20]. The Court **GRANTS** Plaintiff leave to file an amended complaint by March 31, 2021. Plaintiff's remaining state law claims are **ABATED**. If an amended complaint is not filed within such time, the case will be reopened and Plaintiff's Rehabilitation Act claim will be dismissed with prejudice and her remaining state law claims will be dismissed without prejudice.

**SO ORDERED.**

SIGNED March 7, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**