# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| VICKIE KIM<br><br>v.<br><br>HCA HEALTHCARE, INC.; GREEN<br>OAKS HOSPITAL SUBSIDIARY, L.P.<br>D/B/A MEDICAL CITY GREEN OAKS<br>HOSPITAL; AND JOEL HOLINER M.D.<br>P.A. | §<br>§<br>§<br>§    CIVIL ACTION NO. 3:20-CV-154-S<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This Order addresses: (1) Joel Holiner, M.D., P.A.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support of Motion to Dismiss ("Holiner Motion") [ECF No. 48]; (2) Defendant Medical City Green Oaks Hospital's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support ("Hospital Motion") [ECF No. 49]; and (3) HCA Healthcare Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("HCA Motion") [ECF No. 50] (altogether, "Motions to Dismiss").

Plaintiff Vickie Kim ("Plaintiff") originally filed this action in January 2020, asserting violations of the Rehabilitation Act and numerous Texas state law claims. *See* Compl. [ECF No. 1]. Plaintiff premised subject matter jurisdiction on her federal Rehabilitation Act claim and sought supplemental jurisdiction over her state law claims. *Id.* ¶ 6. Each Defendant moved to dismiss Plaintiff's claims. *See* ECF Nos. 13, 16, and 20. On March 7, 2021, the Court issued a Memorandum Opinion and Order ("Order") [ECF No. 44] granting in part Defendants' motions and finding that Plaintiff had failed to state a federal claim upon which relief could be granted because claims based on medical treatment decisions are not actionable under the Rehabilitation Act. The Court did, however, grant Plaintiff leave to replead her federal claim and abated

Plaintiff's pendent state law claims. Order 5-6. Plaintiff timely filed a First Amended Complaint ("Amended Complaint") [ECF No. 45].

In the Amended Complaint, Plaintiff reasserts her previous Texas state law claims of negligence, gross negligence, false imprisonment, civil conspiracy, and violations of the Texas Health and Safety Code, Texas Mental Health Code, and Texas Deceptive Trade Practices Act. *See* Am. Compl. Counts IV-X. Plaintiff also recasts her prior federal claim as two discrete claims for "failure to accommodate" and "disparate treatment" under the Rehabilitation Act, and adds a new federal claim for gender discrimination in violation of Section 1557 of the Affordable Care Act. *See id.*, Counts I-III. Defendants now move to dismiss Plaintiff's federal and state law claims with prejudice, arguing that allegations of medical negligence are not actionable under federal discrimination law, and that in any event the Amended Complaint does not plead sufficient facts to support claims under either federal statute.

For the reasons set forth below, the Court finds that Plaintiff has not stated a federal claim upon which relief can be granted. Accordingly, the Court **GRANTS** the Motions to Dismiss as to Plaintiff's Rehabilitation Act and Affordable Care Act claims, which are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which are **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

Plaintiff sought mental health treatment from Defendant Joel A. Holiner, M.D., P.A. ("Holiner") beginning in 2011 for anxiety, obsessive-compulsive disorder, and postpartum depression. Am. Compl. ¶¶ 18-19. Holiner is employed by Defendant Green Oaks Hospital Subsidiary, L.P. d/b/a Medical City Green Oaks Hospital ("Hospital"), a mental health facility owned and operated by HCA Healthcare, Inc. ("HCA") (together with Holiner and the Hospital, "Defendants"). *See id.* ¶¶ 10-13.

The operative facts in the Amended Complaint mirror those in the Complaint. According to the Amended Complaint, Plaintiff arrived at the Hospital and requested therapy at approximately 10:00 p.m. on January 26, 2018. *See id.* ¶¶ 23-24; Am. Compl., Ex. 1 at 116:21-117:2. The Hospital's staff took Plaintiff's statement, conducted a urine test, strip-searched Plaintiff, confiscated her shoes, and requested her billing information. *See id.* ¶¶ 31-32. Hospital staff then informed Plaintiff that she was being admitted into inpatient care. *See id.* ¶ 35. Plaintiff alleges that she told staff that she could not stay at the Hospital, did not want inpatient treatment, and wanted to be allowed to see her baby and breastfeed. *See id.* ¶¶ 25-28. According to Plaintiff, the Hospital staff falsified Plaintiff's medical records to indicate she was suicidal and "intimidated and forced [Plaintiff] into a voluntary commitment." *Id.* ¶¶ 48, 51. Four days later, and after seeing Holiner, Plaintiff was released. *See id.* ¶ 54. Plaintiff does not plead any additional details regarding her alleged confinement at the Hospital, her visit with Holiner, or the circumstances surrounding her release.

Though the factual allegations in the Amended Complaint do not materially differ from those in the Complaint, Plaintiff does attempt to bolster her claims by attaching her 349-page deposition transcript as an exhibit.[1] *See* Am. Compl., Ex. 1. Plaintiff's deposition testimony provides details regarding Plaintiff's history of mental illness and corroborates many of the allegations in the Amended Complaint regarding her stay at the Hospital. *See generally id.*

## II.     LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[1] In ruling on a Federal Rule of Civil Procedure 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.   ANALYSIS

Plaintiff asserts claims for discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), both of which create private causes of action. The Rehabilitation Act prohibits recipients of federal funds from discriminating on the basis of disability. *See* 29 U.S.C. § 794(a). Similarly, Section 1557 of the Affordable Care Act[2] prohibits discrimination in the provision of healthcare, including gender discrimination. 42 U.S.C. § 18116(a) (incorporating the protections and enforcement mechanisms of other civil rights statutes, including Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*); *see also Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th

---

[2] Any reference to the "Affordable Care Act" herein shall be construed as a reference to Section 1557 of the Affordable Care Act.

370, 377 (5th Cir. 2021) (discussing framework of Affordable Care Act incorporating other civil rights statutes).

Plaintiff alleges violations of the Rehabilitation Act based on (1) Defendants' failure to accommodate her disabilities of obsessive-compulsive disorder and post-partum depression, and (2) Defendants' disparate treatment of Plaintiff based on her asserted disability of breastfeeding, including Defendants' alleged failure to make reasonable modifications to their policies and practices. Am. Compl. ¶¶ 90-91, 93-97. Plaintiff also asserts gender discrimination in violation of the Affordable Care Act based on Defendants' "failure to allow [Plaintiff] to pump breast milk and breast feed her child." *Id.* ¶ 101. Accordingly, the Court will address whether the facts alleged support cognizable claims under either the Rehabilitation Act or Affordable Care Act.

### A. *Rehabilitation Act*

To state a claim for relief under the Rehabilitation Act, a plaintiff must raise sufficient factual allegations that (1) she is an individual with a qualifying disability, (2) she otherwise qualifies for participation in a program that receives federal financial assistance, and (3) she is being excluded from participation in, denied the benefits of, or subjected to discrimination under the program solely because of her disability. *Francois*, 8 F.4th at 377 (citing *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018)). The plaintiff has the burden of proof. *Chandler v. City of Dallas*, 2 F.3d 1385, 1290 (5th Cir. 1993). To establish discrimination under the third prong, "a plaintiff may show either disparate treatment—that the defendant treated her more harshly than a similarly situated but non-disabled person—or that the defendant failed reasonably to accommodate her disability." *Johnston v. Dexel*, No. 4:16-cv-3215,

2018 WL 2215865, at *7 (S.D. Tex. May 15, 2018) (citing *Arce v. Louisiana*, 226 F. Supp. 3d 643, 651 (E.D. La. 2016)).[3]

The Court previously found that Plaintiff's claims based on Defendants' decision to admit Plaintiff for inpatient treatment are not actionable under the Rehabilitation Act. As discussed at length in the Court's prior Order, "every circuit court that has addressed the issue has held that a medical treatment decision cannot form the basis of a Rehabilitation Act claim." Order 4 (citing *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (per curiam) ("[A] lawsuit under the [Rehabilitation Act] or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions[.]"); *Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("These are the sort of purely medical decisions . . . [that] do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving . . . medical treatment."); *Lesley v. Hee Man Chie*, 250 F.3d 47, 58 (1st Cir. 2001) (holding that a reasoned medical judgment with which a plaintiff disagrees is not an appropriate basis for a claim under the Rehabilitation Act); *United States v. Univ. Hosp., State Univ. of New York at Stony Brook*, 729 F.2d 144, 157 (2d Cir. 1984) (observing that Rehabilitation Act legislative history indicates that Congress did not contemplate that the Act would apply to medical treatment decisions)).

Consistent with its previous ruling, and in the absence of any new binding authority to the contrary, the Court declines to expand the scope of the Rehabilitation Act to include claims based on medical treatment decisions. As such, Plaintiff only states a claim upon which relief can be

---

[3] The remedies available under the Rehabilitation Act mirror those available under the Americans with Disabilities Act ("ADA"), and thus precedent interpreting the ADA "applies with equal force to a claim under the [Rehabilitation Act]." *Francois*, 8 F.4th at 377 (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)).

granted if Defendants' alleged violations of the Rehabilitation Act are unrelated to medical treatment decisions. The Court finds that they are not.

The Amended Complaint asserts two discrete claims for failure to accommodate and disparate treatment in violation of the Rehabilitation Act. *See* Am. Compl. Counts I-II. First, Plaintiff alleges that the Hospital failed to accommodate her disabilities of obsessive-compulsive disorder and post-partum depression by denying her access to her child or to "instruments to provide the child with breastmilk." *Id.* ¶ 90. Plaintiff claims this was discriminatory because "other patients within [the Hospital] were allowed to do that." *Id.* Plaintiff alleges in the alternative that the Hospital discriminated against her by failing to employ "well-understood and widely acknowledged methods and means to communicate with people entering a mental health hospital," including failure to provide her with required information under Texas law. *Id.* ¶ 91.

Plaintiff also asserts a claim for disparate treatment on the same facts, arguing that her request to "be allowed to express milk, and have it delivered to her child" was a reasonable modification, and that Defendants violated the Rehabilitation Act by failing to allow Plaintiff to breastfeed "when other patients are allowed to do so." *Id.* ¶ 94. Plaintiff also points to other various instances of disparate treatment, such as Defendants' alleged failure to "allow [Plaintiff] to discharge herself," falsification of her medical records, and referring to her as "neurotic"—all of which purportedly caused Plaintiff physical harm, mental harm, and loss of enjoyment. *Id.* ¶¶ 95-97.

Though Plaintiff now partitions her claim under the Rehabilitation Act into two separate claims for failure to accommodate and disparate impact in the Amended Complaint, Plaintiff's injury is the same as originally pleaded:

> The Plaintiff in this case was held against her will in a mental health institution because she was treated as if she had an impairment, without regard to whether it was appropriate for her to be held there or not. This caused her injury.

7

Am. Compl. ¶ 55; *compare id. with* Compl. ¶ 52 (same). As in the Complaint, the Amended Complaint also states that Plaintiff has a history of mental illness, Am. Compl. ¶¶ 18-19, 56; she requested therapy, *id.* ¶ 28; Hospital staff took her statement, *id.* ¶ 32; and staff perceived her to be suicidal, *id.* ¶ 48. Such a claim sounds in healthcare liability rather than discrimination. As the Court has previously held, the medical judgment to admit Plaintiff to inpatient treatment instead of providing outpatient treatment is not a basis for a Rehabilitation Act claim. *See* Order 4 (citing *Lesley*, 250 F.3d at 58).

Plaintiff's allegations regarding breastfeeding are similarly unavailing. Even assuming breastfeeding can constitute a disability under the Rehabilitation Act,[4] decisions regarding a patient's ability to breastfeed during inpatient psychiatric treatment are still within the medical judgment of the provider. And on a factual point, Plaintiff conceded in her deposition that she was provided with a pump and permitted to express breast milk during her inpatient admission. Am. Compl., Ex. 1 at 195:11-196:2.

The core facts in the Amended Complaint are unchanged, and Plaintiff's deposition testimony corroborating these facts and providing additional details regarding her inpatient treatment do not transform Plaintiff's medical negligence lawsuit into one for disability discrimination. Indeed, rather than pleading actual instances of discrimination unrelated to Plaintiff's inpatient admission, the Amended Complaint is replete with assertions that Plaintiff's discrimination claims "are not based on medical negligence or medical treatment decisions." Am. Compl. ¶¶ 81, 88; *see also* Plaintiff's Response & Brief in Opposition to Defendant Joel Holiner

---

[4] Even the Fifth Circuit's holding in *E.E.O.C. v. Houston Funding II, Ltd.* addressing breastfeeding in the related context of workplace discrimination does not impose a requirement that special accommodations be made for breastfeeding women. 717 F.3d 425, 430 (5th Cir. 2013) (Jones, J. concurring) (noting that while lactation is a medical condition protected from discrimination under Title VII, neither Title VII or the Pregnancy Discrimination Act mandate "special accommodations to women because of pregnancy or related conditions.").

8

M.D., P.A.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Holiner Response") [ECF No. 55] at 14. But Plaintiff's conclusory insistence that her claims are unrelated to medical negligence does not make it so. Taking Plaintiff's alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not stated a Rehabilitation Act claim.

The Court next determines whether Plaintiff's sole remaining federal claim affords a basis for subject matter jurisdiction.

### B. *Affordable Care Act*

Plaintiff claims that Defendants did not allow her "to pump breast milk and breast feed her child," which she argues constitutes gender discrimination in violation of Section 1557 of the Affordable Care Act. Am. Compl. ¶ 101. Plaintiff does not plead any new facts related to the alleged gender discrimination, however. Rather, Plaintiff simply reframes her previously dismissed Rehabilitation Act claim as a claim under the Affordable Care Act. *See* Compl. ¶¶ 61, 64 (asserting Rehabilitation Act claims based on claimed disability of breastfeeding). The Amended Complaint itself makes clear that Plaintiff's ultimate injury was caused by being "held against her will in a mental health institution" and "treated as if she had an impairment, without regard to whether it was appropriate for her to be held there or not." Am. Compl. ¶ 55.

Plaintiff does not point to any binding authority recognizing a cause of action under the Affordable Care Act for gender discrimination based on a medical provider's failure to permit a woman to breastfeed during medical treatment—psychiatric inpatient or otherwise. The Court declines to expand the Affordable Care Act's anti-discrimination provision here absent any such precedential or statutory directive. "After all, it's Congress—not a court —that creates a cause of action." *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 494 (5th Cir.

2020) (Oldham, J., concurring); *accord Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 279-80 (5th Cir. 2017) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).

Again, "this appears to be a contested medical negligence case, regardless of how creatively or zealously argued." Order 5. As Plaintiff herself observes, the absence of damages caps on federal discrimination claims are a "distinguishing characteristic between the remedies afforded by the different causes of action in this case." Holiner Resp. 13. Plaintiff essentially concedes her aim of recasting healthcare liability claims as discrimination for this reason, arguing that she should be allowed "***to plead around complaints about medical care*** and instead allege a violation of nondiscrimination law." *Id.* at 15 (emphasis added) (citing *Esparza v. Univ. Med. Ctr. Mgmt. Corp.*, No. 2:17-cv-4803-LMA-JCW, 2017 WL 4791185, at *15 (E.D. La. Oct. 24, 2017)).

The Court certainly appreciates counsel's efforts to maximize recovery for their client. But in essence, Plaintiff's purported Affordable Care Act and Rehabilitation Act claims are for actions and failures that constitute healthcare liability claims under Texas state law.

It is Plaintiff's ultimate burden to state a plausible claim for discrimination. Because the Amended Complaint does not allege a cognizable legal theory upon which relief can be afforded under either Section 504 of the Rehabilitation Act or Section 1557 of the Affordable Care Act, those claims must be dismissed. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### C. *Amendment*

Plaintiff has requested leave to amend the allegations supporting her federal claims with more specificity. *See* Holiner Resp. 19. While leave to amend should be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), district courts have discretion to grant or deny leave. In exercising this discretion, district courts "may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the

amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

Despite expressing reservations about viability of a discrimination claim on these facts, the Court previously granted Plaintiff leave to "replead and provide more specific details" in support of her federal claims. Order 5. The Court finds that further amendment would be futile. Plaintiff was given the opportunity to amend and was unable to cure the deficiencies set forth in the Court's Order and Defendants' previous motions to dismiss. The Court is satisfied that, under the current law, no cognizable federal discrimination claim exists on these facts. *See Aguocha-Ohakweh v. Harris Cty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (affirming district court's dismissal of lawsuit "attempting to recast allegations of medical negligence as federal constitutional deprivations."). Accordingly, the Court **DENIES** Plaintiff's request for leave to amend and dismisses her federal discrimination claims with prejudice.

### D. *State Law Claims*

A district court may decline to exercise supplemental jurisdiction over pendent state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, when a court dismisses all federal claims before trial, "the general rule is to dismiss any pendent claims." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *see also Gordon v. Univ. of Tex. Med. Branch*, 700 F. App'x. 350, 352 (5th Cir. 2017) (Mem.). Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the pendent state law claims and dismisses those claims without prejudice.

11

## IV. CONCLUSION

Accepting well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Court **GRANTS IN PART** and **DENIES IN PART** Holiner's Motion to Dismiss, **GRANTS IN PART** and **DENIES IN PART** HCA's Motion to Dismiss, and **GRANTS IN PART** and **DENIES IN PART** the Hospital's Motion to Dismiss. Accordingly, Plaintiff's Rehabilitation Act and Affordable Care Act claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED.**

SIGNED November 12, 2021.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**